IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| JAMEY W. PRESLEY,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>    Defendant. | No. 2:11-cv-00103<br><br>Judge Nixon<br>Magistrate Judge Brown |

## ORDER

Pending before the Court is Plaintiff Jamey W. Presley's Motion for Judgment on the Administrative Record ("Motion"). (Doc. No. 13.) Defendant Commissioner of Social Security ("Commissioner") filed a Response in Opposition. (Doc. No. 14.) Magistrate Judge Brown subsequently issued a Report and Recommendation ("Report"), recommending that Plaintiff's Motion be granted and that the decision of the Commissioner ("Commissioner") be remanded for further administrative proceedings. (Doc. No. 15 at 1.) The Commissioner filed an Objection to the Report, (Doc. No. 16), to which Plaintiff filed a Response (Doc. No. 17). Upon review of the Report and for the reasons stated, the Court **GRANTS** Plaintiff's Motion, **ADOPTS** the Report with the modifications described herein, and **REMANDS** the case for further proceedings.

I. BACKGROUND

*A. Procedural Background*

Plaintiff filed an application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on December 2, 2008. (Tr. 15, 118–129.) The Social Security Administration denied his claims initially on March 25, 2009, and again upon reconsideration on June 22, 2009. (Tr. 15.) At Plaintiff's request, a hearing was held on May 5, 2010, before

1

Administrative Law Judge ("ALJ") James A. Sparks. (Tr. 15.) Plaintiff was represented by non-attorney representative Tina Foster.[1] (Tr. 29–57.) At the hearing, Plaintiff testified and amended his alleged onset date to December 1, 2007. (Tr. 33.) Vocational Expert ("VE") Jane Hall also testified at the hearing. (Tr. 53–56.) ALJ Sparks denied Plaintiff's claim on July 2, 2010 (Tr. 12–14), and made the following findings of facts and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2009.

2. The claimant has not engaged in substantial gainful activity since December 1, 2007, the alleged onset date (20 CFR 303.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: back disorder, hypertension, affective disorder, and anxiety related disorder (20 CFR 404.1520(c) and 416.92(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except walk/stand or site, with normal breaks, a total of 8 hours in a workday. Foot control operation is limited to frequent bilateral use due to back disorder, and occasionally can climb ladders, ropes, and scaffolds. He should avoid concentrated exposure to vibration. The claimant has mild to moderate impairment in understanding and recalling instructions, but could perform simple repetitive tasks. His concentration, persistence, and pace are mild to moderate in concentration and skills, and persistence; he has the ability to maintain a competitive pace. He is mildly to moderately limited regarding social interaction with coworkers, and

---

[1] Throughout the hearing transcript, ALJ Sparks referred to Ms. Foster as "attorney for the claimant."

2

supervisors, but can still do (sic). He is only mildly to moderately limited in his ability to adapt to changes found in most work situations.

6. The claimant is capable of performing past relevant work as a security guard. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7. The claimant has not been under disability, as defined in the Social Security Act, from December 1, 2007, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(Tr. 15–24).

On July 29, 2011, the Social Security Appeals Council denied Plaintiff's request for review (Tr. 3–8), rendering the ALJ's decision the final decision of the Commissioner.

On September 26, 2011, Plaintiff filed this action to obtain judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). (Doc. No. 1.) On March 9, 2012, Plaintiff filed a Motion for Judgment on the Administrative Record. (Doc. No. 13.) The Commissioner filed a Response to the Motion on April 9, 2012. (Doc. No. 14.) On August 3, 2012, Judge Brown issued his Report, recommending that Plaintiff's Motion be granted and the action be remanded for further administrative proceedings. (Doc. No. 15 at 1.) Defendant filed an Objection to the Report on August 9, 2012. (Doc. No. 16.) Plaintiff filed a Response to Defendant's Objection on August 14, 2012. (Doc. No. 17.) The Court now considers the merits of Defendant's Objection.

*B. Factual Background*

The Court adopts the factual background as described in the Review of the Record in the Report. (Doc. No. 15 at 3–10.)

**II.    STANDARD OF REVIEW**

The Court's review of the Report is *de novo*. 28 U.S.C. § 636(b) (2012). This review, however, is limited to "a determination of whether substantial evidence exists in the record to support the [Commissioner's] decision and to a review for any legal errors." *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Title II of the Social Security Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g) (2012). Accordingly, if the Commissioner adopts an ALJ's decision, the reviewing court will uphold the decision if it is supported by substantial evidence. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Substantial evidence is a term of art and is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is "more than a mere scintilla of evidence, but less than a preponderance." *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 245 (6th Cir. 1996) (citing *Consol. Edison*, 305 U.S. at 229).

A finding of substantial evidence is given significant deference on appeal. "Where substantial evidence supports the Secretary's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion." *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389 (6th Cir. 1999); *see Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990). This standard of review is consistent with the well-settled rule that the reviewing court in a Social Security disability hearing is not to weigh the evidence or make credibility determinations, as these factual determinations are left to the ALJ and the Commissioner. *Hogg v. Sullivan*, 987 F.2d 328, 331 (6th Cir. 1993); *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992). Thus, even if the Court would have reached a different factual conclusion on the merits than the ALJ, the Commissioner's findings must be affirmed if they are supported by substantial evidence. *Hogg*, 987 F.2d at 331.

III. **DEFENDANT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT**

Defendant raises two objections to the Magistrate Judge's Report. The first stems from whether ALJ Sparks had a heightened duty to fully develop the record based on Plaintiff being represented by a non-attorney representative and, if so, whether ALJ Sparks fulfilled that duty. Defendant's second objection raises the issue of whether ALJ Sparks adequately evaluated Plaintiff's employment history. The Court assesses each argument in turn.

*A. ALJ's Duty to Develop the Record Fully*

In his Report, Judge Brown concluded that the ALJ had a heightened responsibility to develop the record fully because Plaintiff was not represented by an attorney. (Doc. No. 15 at 15.) Judge Brown found that the ALJ failed to do so, and that this failure prejudiced Plaintiff. (*Id.* at 15–17.) Defendant objects to this finding, arguing that the ALJ did not have a heightened responsibility to develop the record in light of Plaintiff's non-attorney representative, and alternatively that even if the ALJ did have a heightened responsibility in this case, he fulfilled his duty by adequately developing the record. (Doc. No. 16 at 1.) Defendant argues that it is "far from settled in the Sixth Circuit" that an ALJ has such a duty in regards to a non-attorney representative. *Id.* Defendant cites the Sixth Circuit's decision in *Kidd v. Commissioner of Social Security*, 283 F. App'x 336 (6th Cir. 2008), for the proposition that simply lacking an attorney representative does not create a heightened responsibility to develop the record. *Id.* at 344–45 (noting that 20 C.F.R. § 404.1705(b) allows a claimant to be represented by a non-attorney); *see also Nichols v. Comm'r of Soc. Sec.*, 2010 WL 5178069, at *6 (W.D. Mich. Nov. 18, 2010) (holding that when a claimant is represented by a competent and thorough non-attorney, no heightened responsibility applies). In response, Plaintiff argues that the Sixth Circuit's decision in *Kidd* does not stand for the proposition that no heightened responsibility

5

exists, but rather, that the ALJ's failure to fully develop the record does not automatically require remand. (Doc. No. 17 at 1.)

The Court agrees that Plaintiff's interpretation is the proper reading of *Kidd*, and is in line with Sixth Circuit precedent. *See Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1051 (6th Cir. 1983) (explaining that "an administrative law judge's basic obligation to develop a full and fair record rises to a special duty when an unrepresented claimant unfamiliar with hearing procedures appeals before him" (quoting *McConnell v. Schweiker*, 655 F.2d 604, 606 (5th Cir. 1981))). However, Plaintiff's lack of counsel will require a remand only if it was the direct cause of the unfair or unsupported conclusions. *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 856 (6th Cir. 1986). In *Lambdin v. Commissioner of Social Security*, 62 F. App'x 623 (6th Cir. 2003), the Sixth Circuit held that the ALJ had a heightened duty to develop the record because it was unclear whether a claimant, who was only represented by a lay representative, could present an effective case. *Id.* at 625. Because the record was clearly underdeveloped and "crie[d] out for clarification," the court in *Lambdin* held that the ALJ failed in his duty. *Id.*

Here, Plaintiff was not represented by an attorney. (Tr. 69.) Rather, he was represented by Tina Foster and Carl Groves, non-attorney employees of Disability Consulting, LLC. (Tr. 1, 69.) As discussed below, Judge Brown found two potential issues regarding Ms. Foster's representation, with which this Court agrees. Specifically, as an initial matter it is unclear whether ALJ Sparks was aware that Ms. Foster was not an attorney and was thus on notice of his heightened duty to develop the record. Further, Ms. Foster was unable to correct a material transcription error in a psychological evaluation performed by Mark Loftis, M.A., SPE, which the Court finds prejudiced Plaintiff.

Although ALJ Sparks had sufficient notice that Plaintiff would be represented by a non-attorney at his appeal hearing on May 5, 2010, the record is unclear as to whether ALJ Sparks mistook Ms. Foster for an attorney given the facts that Ms. Foster was listed on the hearing's transcript as "Attorney for the Claimant" and was referred to as "attorney" throughout the hearing transcript. (Doc. No. 15 at 15.) Further, the hearing decision letter from July 2, 2010, refers to Ms. Foster as "the attorney." (Tr. 19.) As Judge Brown noted, ALJ Sparks also referred to Ms. Foster as a "representative" once during the hearing. This inconsistency leaves open the possibility that ALJ Sparks understood Ms. Foster to be an attorney. If, in fact, he did believe Ms. Foster was an attorney, ALJ Sparks would not have been aware of his heightened duty to fully develop the record. As discussed in detail below, Ms. Foster was unable to fully develop the record for her client, leaving the Court with a record that does "cr[y] out for clarification." *See Lambdin*, 62 F. App'x at 625. Because Ms. Foster was not an attorney and was unable to fully develop the record, the Court finds that ALJ Sparks had a heightened duty to develop the record in this case.

### B. *ALJ's Failure to Fulfill His Duty*

Next, Defendant argues that even if ALJ Sparks had a heightened duty to develop the record, he fulfilled that duty. Specifically, Defendant argues that a transcription error regarding a limitation on Plaintiff's adaptability did not prejudice Plaintiff because Ms. Foster alerted ALJ Sparks to the error, and because the error did not affect the subsequent reports of psychologist Victor L. O'Bryan, Ph.D, and psychiatrist Salley S. Jessee, M.D. (Doc. No. 16 at 2.) This transcription error occurred in an original psychological evaluation by Mr. Loftis, that stated Plaintiff was "*moderately to moderately* limited in his ability to adapt to changes found in most work situations." (Tr. 312) (emphasis added). Because this clerical error could be interpreted as "mildly to moderately" or "moderately to markedly," the potential divergent results based on

7

interpretation materially change the analysis. Defendant claims that because the psychologist, Mr. Loftis, had only a master's degree and served only as a one-time consultant, this error should be given little to no weight in determining whether Plaintiff was prejudiced by the ALJ's failures. (*Id.*)

In response, Plaintiff points to the fact that subsequent psychological evaluations in the record, as well as testimony by VE Hall were based exclusively on Mr. Loftis's report. (Doc. No. 17 at 2.) For instance, Plaintiff correctly notes that, while Doctors Jessee and O'Bryan provided independent opinions that Plaintiff had no marked limitations, Social Security Ruling 96-6p clarifies that opinions of non-examining state agency reviewers (such as these) are to be given weight only to the extent they are supported by the record. (*Id.*) *See* SSR 96-6p 1996 WL 374180 (July 2, 1996). Plaintiff argues an attorney would have been familiar enough with the agency's provisions to obtain subpoenas and interrogatories to correct what even the Defendant concedes was a transcription error, to ensure the subsequent evaluations were given proper weight. (*Id.*)

As noted by Judge Brown, the Court finds Ms. Foster's attempt to bring this error to the attention of ALJ Sparks was ineffective, and the error potentially affected the opinions of both the reviewing doctors as well as the testimony of the VE. (Doc. No. 15 at 15–16.) In fact, the opinions given by VE Hall, regarding whether Plaintiff could return to his former jobs, were based on only moderate limitation of adaptability—never on the potential that Plaintiff might have "marked" limitations in adaptability. (Tr. 54.) Further, in the Notice of Decision-Unfavorable letter dated July 2, 2010, ALJ Sparks stated Plaintiff's ability to adapt was "mild to moderately limited" but that he could "still perform simple repetitive tasks, maintain a competitive pace . . . [and] adapt to changes to most environments." (Tr. 18.) The Court finds ALJ Sparks erred by not clarifying whether Mr. Loftis evaluated Plaintiff as "mildly to

8

moderately" or "moderately to markedly" limited in his ability to adapt, based on the ambiguity in Mr. Loftis's report. By not clarifying Plaintiff's level of social adaptability, the ALJ failed in his duty to fully develop the record. *See Binion v. Shalala*, 13 F.3d 243, 245 (7th Cir. 1994) (explaining the ALJ's duty to develop the record is met if he "probes the claimant for possible disabilities and uncovers all the relevant evidence").

### C. Prejudice to Plaintiff

The Court further finds the ALJ's failure to fully develop the record in this case likely prejudiced Plaintiff. The Court is guided by the decisions in *Lashley* and *Kidd*. In *Lashley*, the Sixth Circuit noted that when a plaintiff (or potentially a plaintiff's representative) is unfamiliar with hearing procedures, the ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts" in order to satisfy her heightened duty. *Lashley*, 708 F.2d at 1052. However, if the ALJ or a non-attorney representative does perform a proper inquiry such that the plaintiff is not prejudiced, as in *Kidd*, there is no cause for remand. *Kidd*, 283 F. App'x at 345.

Here, Judge Brown found that Ms. Foster was unable to correct a clear error in the record that led to other potential errors and misjudgments that were reflected in the ALJ's findings of fact. (*See* Doc. No. 15 at 15–16.) The Court finds that Ms. Foster was unable to more fully develop this critical point in the record, and the ALJ's failure to develop this point in light of his heightened duty prejudiced Plaintiff. The types of work ALJ Sparks found Plaintiff could actually perform, as well as subsequent psychological evaluations by non-examining professionals, would have been significantly different based on whether Plaintiff had "mild to moderate" or "moderate to marked" limitations in his social adaptability. *See* SSR 85-15, 1985 WL 56857 (January 1, 1985). The mental requirement for "competitive, remunerative, unskilled work includes the abilities (on a sustained basis) to . . . deal with changes in a routine setting,"

9

and a lack of this ability would sharply reduce the potential field of occupations available to the claimant. *Id.*, at *4. As to the opinions of the reviewing psychiatrist and psychologist indicating Plaintiff suffered from mild anxiety and depression, "the opinion of a nonexamining physician is entitled to little weight if it is contrary to the opinion of the claimant's treating physician." *Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 1987) (quoting *Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985) (per curiam)). Thus, the Court agrees with the Magistrate Judge's finding that the ALJ's failure to more fully develop the record likely prejudiced Plaintiff,

### D. *The Magistrate Judge's Determination that the Record of Plaintiff's Past Employment was not Fully Developed*

Finally, Defendant claims that the ALJ's development of the record with regards to Plaintiff's employment history and his ability to return to past employment was satisfactory, and Judge Brown's determination otherwise was incorrect. (Doc. No. 16 at 2.)

The Magistrate Judge determined that the record was inconsistent as to Plaintiff's past employment, and that determining whether Plaintiff can return to his prior employment is dependent on further development of the record. (Doc. No. 15 at 19.) The Magistrate Judge noted that Plaintiff's Disability Report lists Plaintiff as being employed as a security guard from April 20, 2002, through April 23, 2004, working twelve hours a day, two days per week, at a rate of $6.00 per hour. (Tr. 154.) However, on his application for Disability Insurance and Social Security Insurance Benefits, Plaintiff lists employment as a security guard for only three to four months, from October 2002 through January 2003, for forty hours per week, at a rate of $8.50 per hour. (Tr. 172.) There is nothing in the transcript of the hearing before ALJ Sparks regarding this inconsistency in Plaintiff's application. The Magistrate Judge thus expressed concern about whether a three-month stint as a security guard constituted an "unsuccessful work

attempt"[2] under 20 C.F.R. § 404.1574(c)(3) and 20 C.F.R. § 416.974(c)(3). (Doc. No. 15 at 19.) Defendant claims that Plaintiff's three-month stint as a security guard could not be deemed an unsuccessful work attempt for three reasons: (1) Plaintiff worked for a roofing company for two and a half years immediately thereafter; (2) Plaintiff claimed his disability onset date was December 1, 2007, two years after his time as a security guard; and (3) two to three months is not too short of a time for a work attempt to be deemed successful. (Doc. No. 16 at 2.) Further, Defendant asserts that the VE testified that Plaintiff could also perform past work as a grocery bagger, making the need to clarify the record in regards to security work unnecessary. (*Id.*) As such, Defendant claims that even if the record is unclear in regards to whether Plaintiff can resume his job as a security guard, he could still perform other tasks. (*Id.*) Defendant cites *Wright-Hines v. Commissioner of Social Security*, 597 F.3d 392, 395–96 (6th Cir. 2010), for the proposition that two to three months in a given job is enough to constitute a successful work attempt. (Doc. No. 16 at 3–4.) In *Wright-Hines*, the claimant—who was represented by an attorney—failed to persuade the court that her three-month stint as a cashier was an unsuccessful work attempt. *Id.* at 396. However, the Sixth Circuit in *Wright-Hines* determined that it is the claimant's responsibility to show that employment for a two-to-three-month stint was an unsuccessful work attempt. *Id.*

Plaintiff, though, does not attempt to address Defendant's first two points in his Response. For past work to qualify as an "unsuccessful work attempt" under 20 C.F.R. § 404.1574(c)(3), a claimant must have reduced or quit his employment "because of [the claimant's] impairment or because of the removal of special conditions which took into account

---

[2] Generally, work that a claimant is "forced to stop or reduce below the substantial gainful activity level after a short time because of [the claimant's] impairment" is considered an unsuccessful work attempt. 20 C.F.R. § 404.1574(a)(1). A claimants earnings from an unsuccessful work attempt "will not show that [the claimant is] able to do substantial gainful activity." *Id.*

11

[the claimant's] impairment and permitted [the claimant] to work." *Long v. Astrue*, No. 3:10–0273, 2011 WL 1258407, at *23 (M.D. Tenn. March 7, 2011) (quoting 20 C.F.R. § 404.1574(c)(3)).

Both security positions claimed by Plaintiff are listed as taking place before the Plaintiff's stated disability onset date of December 1, 2007. (Tr. 33.) Thus, whether Plaintiff worked as a security guard for three months from October 2002 to January 2003, or for two years from April 20, 2002, through April 23, 2004, his former employment as a security guard falls outside of the scope of what may be considered an "unsuccessful work attempt" under the statute. Accordingly, the Court finds that the Magistrate Judge incorrectly determined that this particular aspect of the record required further development. However, this does not negate the prejudice created by the ALJ's failure to fully develop the record in other respects as previously discussed.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion is **GRANTED** and the Court **ADOPTS** Magistrate Judge Brown's Report, with the modifications described above. The case is **REMANDED** for further administrative proceedings. This Order terminates the Court's jurisdiction over the above-styled action, and the case is **DISMISSED**. The Clerk of the Court is **DIRECTED** to close the case.

It is so ORDERED.

Entered this ___16___ day of September, 2013.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT